**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. MORRISON,<br><br>    Plaintiff,<br><br> v.<br><br>ALBERTO GONZALES, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-04351 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULINGS AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 27, 2006, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

**The Court requires that Plaintiff Roy L. Morrison attend the hearing on January 27, 2006, either in person or by telephone.**

**A.     Order to Show Cause**

The Court **tentatively intends** to impose sanctions in connection with the Order to Show Cause, including but not limited to dismissal or monetary sanctions, pursuant to Federal Rules of Civil Procedure 37(c)(1), and Northern District Civil Local Rule 1-4, .

1.  The Court shall require Plaintiff's counsel to address in detail his explanation for failing to respond to the Government's requests to meet and confer regarding the motion to transfer venue.  Further, the Court requires an explanation from counsel as to the basis for asserting venue in the Central District and the allegations in the Complaint regarding Plaintiff's residence.

2.  The Court shall also require Plaintiff's counsel to provide additional detail regarding the computer failure, including the timing of that failure in connection with the motion filed in this case, and his failure to provide initial disclosures to Defendants, and any other evidence in Plaintiff's counsel's possession to support the statements made in his declaration.

3.  Is the Court authorized to order Plaintiff's counsel to pay the Government its fees and/or costs incurred with respect to the motion to transfer venue and costs incurred with respect to filing the Statement of Non-Receipt of Opposition to the Motion to Dismiss, and Plaintiff's counsel's failure to meet and confer with Government counsel as required by the Local Rules?

**B.     Defendants' Motion to Dismiss.**

The Court **tentatively GRANTS** the motion to dismiss.

The parties each shall have ten (10) minutes to address the following questions:

1.  What is Plaintiff's response to Defendants' arguments that the cases he cites in support of his argument that he should be permitted to pursue a claim under 42 U.S.C. §§ 1981, 1983 or 1985 are not applicable because those cases involved private employers, rather than the Federal Government?

2. Does Plaintiff dispute Defendants' contention that he was required to consult with an EEOC counselor as part of the exhaustion requirement? Where in the Complaint can the Court find allegations that Plaintiff began that process?

3. Are there any other issues the parties wish to address?

Dated: January 26, 2006

                                      JEFFREY S. WHITE
                                      UNITED STATES DISTRICT JUDGE