IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROY L. MORRISON,

    Plaintiff,

v.

ALBERTO GONZALES, et al.,

    Defendants.
    _____/

No. C 05-04351 JSW

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

This matter comes before the Court upon consideration of Defendants' motion to dismiss. Having considered the Defendants' motion, relevant legal authority and having had the benefit of oral argument, the Court HEREBY GRANTS the Defendants' motion, but shall give Plaintiff leave to amend his complaint in accordance with the terms of this Order.[1]

**FACTUAL BACKGROUND**

According to the allegations set forth in the Complaint, Plaintiff Roy L. Morrison ("Morrison") is a forty-eight year old African American male, employed by the Federal Bureau of Prisons ("Bureau") for over twenty-two years. (Compl., ¶ 7.) In December 2002, Morrison was assigned to the position of Senior Deputy Regional Director in the Bureau's Western Regional office. (Id., ¶ 8.) Morrison contends that sometime between December 2002 and

---

[1] Plaintiff's opposition was filed one week late and without a request to permit the late filing. In response to an Order to Show Cause as to why the case should not be dismissed for lack of prosecution, Plaintiff failed to establish good cause for the late filing. Accordingly, the Court rejected the brief at the hearing and has not considered that pleading. The Court did, however, provide Plaintiff with an opportunity to argue in opposition to the Government's motion.

April 2004, he was advised that he was slated to be promoted to a Senior Executive Service Position at either a Penitentiary or a Medium High Institution. (*Id.*)

However, in April 2004, Morrison contends he was removed from his Senior Deputy position and reassigned to another position, allegedly because his supervisor Robert Haro, was being investigated (the "Haro investigation") and because Morrison was "too close to the investigation." (*Id.*) Morrison further contends that he "was humiliated by having his office relocated to a storage room with no access to the Senior Deputy mailbox or a computer, ... was isolated and ostracized ... [and] had no means of communication with staff because his telemessage was removed and he was not allowed to attend any Regional office meetings." (*Id.*) Morrison contends that at the time he was allegedly removed from his position, other non-African American employees who were under investigation for misconduct were allowed to maintain their positions. (*Id.*)

Morrison contends that in the "Spring of 2004" he complained to "Gunja" that he believed this treatment was discriminatory and that, thereafter, unspecified persons made false allegations against Morrison during the course of the Haro investigation. (*Id.*, ¶ 9.)[2] Notwithstanding Morrison's efforts to counter these allegations, the alleged isolation continued and Morrison complained of this treatment again in May 2004 to Gunja. (*Id.*)

In June 2004, Morrison advised Gunja that he wanted to be promoted to a Penitentiary or a medium to high level prison, and further advised Gunja of two specific institutions that would have vacancies prior to a meeting at which assignments would be given. (*Id.*, ¶ 10.) Morrison attended a training program that was a prerequisite for obtaining a promotion to the Bureau's Senior Executive Service in August 2004. (*Id.*, ¶ 11.) On August 18, 2004, Morrison received a phone call from Gunja advising him that, contrary to his wishes, he would be assigned to the low level security Prison Camp in Duluth, Minnesota. Morrison contends that this was a

---

[2] Morrison originally filed this case in the United States District Court for the Central District of California. Defendants filed a motion to transfer venue to this district. (*See* Defendants' Statement of Non-Receipt of Opposition to Motion to Dismiss, Exhibit 1, Docket No. 4.) According to the facts set forth in the declaration filed in support of that motion, "Gunja" is Joseph E. Gunja, who has been Regional Director of the Bureau's Western Regional Office since May 2004.

2

demotion, and that he was reassigned to replace a white male at the Duluth prison, who had less experience and less qualified than Morrison, but who was ultimately promoted to one of the positions which Morrison had wanted. (*Id.*, ¶¶ 11-12.)

On September 11, 2004, Morrison sent a letter to Bureau officials, including Gunja, advising them that he believed he was receiving disparate treatment and that the Bureau was engaging "in a pattern of practice of discrimination against African American wardens in violation of federal law." (*Id.*) Morrison also contends that "[i]n the fall of 2004, [he] complained that the assignment of the white male over him ... was both discriminatory and retaliatory for his previous complaints about discrimination." (*Id.*, ¶ 13.) Morrison contends that in response to his complaints, Gunja lowered his performance evaluation. (*Id.*)

## ANALYSIS

Defendants move to dismiss Morrison's complaint on the following grounds: (1) Title VII is Morrison's exclusive remedy; (2) Morrison names improper defendants; and (3) certain of Morrison's claims are barred because they have not been exhausted.[3]

### A.  Legal Standards.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should

---

[3] Defendants also move to strike the following allegation from the Complaint: "While on sick leave, to add insult to injury, Gunja caused Plaintiff's office and personal effects to be ransacked, further humiliating Plaintiff. This incident was in part motivated by Plaintiff reporting fraud against Gunja who was taking his lover on trips at government expense and attempting to cover it up." Federal Rule of Civil Procedure 12(f) permits a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.* Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id.*

As currently drafted, the Court cannot conclude that the allegations in question are necessary to the issues in this case or that they bear an essential or important relationship to the claim. Accordingly, the Court grants the motion to strike these allegations. Unless Morrison can clearly link these allegations to his employment discrimination and retaliation claims, they should not be included in an amended complaint. The Court also finds most of Defendants' arguments with respect to references to the Enzor Settlement Agreement to be well taken. Morrison should exclude any reference to that Settlement Agreement from his amended complaint.

3

not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Unlike a Rule 12(b)(6) motion, in moving to dismiss under Rule 12(b)(1) a party can "attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**B.    Title VII Is Plaintiff's Exclusive Remedy for Employment Discrimination.**

Defendant moves to dismiss Plaintiff's second cause of action, entitled "Retaliation In Violation of U.S.C. Section 2000e et seq." Defendants note that Plaintiff alleges that "[i]n violation of Title VII Civil Rights Act of 1964, amended, and 42 U.S.C. Section 2000(e), et seq., 1981, 1983, 1985 defendant retaliated against plaintiff, for complaining about discrimination by his supervisor as more particularly described" in preceding paragraphs of the Complaint. (Compl., ¶ 19.) Defendants argue that Plaintiff cannot pursue claims based on alleged violations of 42 U.S.C. §§ 1981, 1983, and 1985 because Title VII provides the exclusive remedy for a federal employee suing the Government for discrimination and retaliation. Defendants are correct. *See Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 835 (1976); *White v. Gen. Serv. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981). Accordingly, to the extent Plaintiff's second cause of action seeks to assert claims based on Sections 1981, 1983, or 1985, Defendant's motion is granted and those claims are dismissed with prejudice. No reference to these statutes should be made in the amended complaint permitted by this Order.

4

### C. Attorney General Gonzales is the Only Proper Defendant.

Plaintiff names United States Attorney General Alberto Gonzales, the Federal Bureau of Prisons, and Does 1-10 as Defendants. Because Title VII is Plaintiff's exclusive remedy, Attorney General Gonzales is the only proper defendant in this action. *See* 42 U.S.C. § 2000e-16(c); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA claim but basing holding on text of 42 U.S.C. § 2000e-16(c)). Accordingly, Defendants Federal Bureau of Prisons and Does 1-10 are dismissed.

### D. Claims Based on Conduct Occurring Prior to July 9, 2004, Shall Be Dismissed With Leave to Amend.

Defendants also move to dismiss on the ground that Morrison has not exhausted administrative remedies for any allegedly discriminatory conduct that occurred prior to July 9, 2004. "To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir. 2002) (citing *B.K.B. v. Maui Police Dep't.*, 267 F.3d 1091, 1099 (9th Cir. 2002) and *EEOC v. Farmer Bros.,* 31 F.3d 891, 899 (9th Cir. 1994)).

Under regulations applicable to federal employees, "[a]ggrieved persons who believe they have been discriminated against on the basis of race ... must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). This contact must occur "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.*, § 1614.105(a)(1). *See also Lyons*, 307 F.3d at 1104 n.4, 1105. Defendants argue that Morrison failed to exhaust his administrative remedies because he did not contact an EEOC counselor until August 23, 2004, and thus the Court would not have jurisdiction to consider claims based on discrete employment actions that occurred outside the 45 day window, *i.e.* prior to July 9, 2004. (Defs. Mot. at 9; Declaration of Angela Crosby, ¶ 5.)

In *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the United States Supreme Court held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113.  In

5

*Lyons*, the Ninth Circuit applied the rule announced in *Morgan* to evaluate whether claims based on conduct that had not been presented to an EEOC counselor within the 45 day time period required by Section 1614.105, were actionable. The Ninth Circuit determined they were not. *Lyons*, 307 F.3d at 1108; *cf. Vasquez v. County of Los Angeles*, 349 F.3d 634, 644-46 (9th Cir. 2004) (discussing exhaustion requirement in context of retaliation claim).

Morrison has not shown that he consulted an EEOC counselor prior to August 23, 2004. At oral argument, Morrison contended that he was not immediately aware that the Defendants' actions were discriminatory and, therefore, his claims based on alleged discriminatory and retaliatory conduct occurring prior to July 9, 2004 should be actionable. The 45 day time limit set forth in Section 1614.105(a)(1) may be extended, *inter alia*, "when the individual shows ... that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred [*sic*] ... ." *Id.*, § 1614.105(a)(2). However, Morrison's argument in this regard is belied by the allegations in his Complaint.

With respect to the allegation that he was removed from his Senior Deputy position in April 2004 and the incidents that occurred thereafter, Morrison alleges that "[i]n the Spring of 2004, Plaintiff complained to Gunja that he believed his treatment was discriminatory." (Compl., ¶ 8.) Morrison also alleges that on or about May 1, 2004, he again complained to Gunja about his treatment and communicated his belief that the actions that had been taken against him were discriminatory. Thus, by Plaintiff's own admission as of at least May 1, 2004, he was aware of the allegedly discriminatory nature of Defendants' conduct. Thus, under 29 U.S.C. § 1614.105(a)(1), Morrison should have started the exhaustion process with respect to these claims by at the latest June 16, 2004.[4] Applying the holdings of *Morgan, Lyons* and *Vasquez* to the facts of this case, Morrison would be barred from pursuing claims on actions occurring prior to July 9, 2004.[5]

---

[4] May 1, 2004 was a Saturday. The Court has calculated the 45 day period by counting starting on Monday May 3, 2004.

[5] This finding would not necessarily preclude Morrison from offering evidence of this conduct as background evidence. *See, e.g., Lyons*, 307 F.3d at 1108-1112 (discussing plaintiffs' ability to offer evidence of time barred conduct to support claims that were not

This does not end the Court's inquiry, because the United States Supreme Court has held that the time periods in which a plaintiff must take the necessary steps to exhaust administrative remedies are akin to statutes of limitations and subject to equitable doctrines such as tolling. *See Morgan*, 536 U.S. at 113 (citing *Zipes v. Transworld Airlines, Inc.* 455 U.S. 385, 393 (1982); *see also Lyons*, 307 F.3d at 1105 n.5. "The equitable tolling doctrine has been applied by the Supreme Court in certain circumstances, but it has been applied sparingly." *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). By way of example, the doctrine has been applied to excuse an untimely filing when "the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was inadequate." *Id.* at 268. Courts have not applied the doctrine when a litigant fails to exercise due diligence or in cases where a litigant pleads excusable neglect. *See, e.g., Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) (doctrine will not be applied to cases involving garden variety excusable neglect).

The regulations in this case similarly contemplate extending the 45 day time limitation if an "individual shows that he or she was not notified of the time limits and was not otherwise aware of them, ... that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or" the EEOC. 29 C.F.R. § 1614.105(a)(2).

On the record currently before the Court, there is nothing that would warrant a finding that the time limitations set forth in Section 1614.105 should be tolled. Nor is it clear from the face of the Complaint or the arguments presented at oral argument that Morrison is alleging a hostile work environment claim. Accordingly, the Court shall GRANT Defendant's motion and dismiss Morrison's claims based on conduct occurring prior to July 9, 2004. This ruling shall be without prejudice to Morrison filing an amended complaint in which he either sets forth facts demonstrating that the time period for consulting a counselor should be tolled or is able to set forth facts that would support a hostile work environment claim.

---

time barred).

**CONCLUSION**

For the reasons set forth in this Order, Defendants' motion to dismiss is GRANTED, with leave to amend. Plaintiff shall file an Amended Complaint in accordance with the terms of this Order by February 27, 2006. Defendant's responsive pleading shall be due twenty days after service of the amended complaint. The case management conference set for 1:30 p.m. on February 3, 2006, remains on calendar.

**IT IS SO ORDERED.**

Dated: January 30, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE