IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROY L. MORRISON,

    Plaintiff,

    v.

ALBERTO GONZALES, et al.,

    Defendants.

No. C 05-04351 JSW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**

This matter comes before the Court upon consideration of Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Having considered the Defendants' motion, relevant legal authority and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' motion.

### FACTUAL BACKGROUND

This is the second time this matter has been before the Court on a motion to dismiss, and the relevant factual circumstances are set forth in the Court's Order dated January 30, 2006, dismissing the Complaint with leave to amend. In brief, Plaintiff Roy L. Morrison ("Morrison") is an African American male who has been employed by the Federal Bureau of Prisons ("Bureau") for over twenty-two years. (FAC ¶¶, 1, 6.) Morrison contends after he was assigned to the Western Regional Office of the Bureau, he performed in an exemplary fashion and was advised that he was slated to be promoted to a Senior Executive Service Position at either a Penitentiary or a Medium High Institution. (*Id.*, ¶ 17.) Morrison further alleges that he was denied such a position and instead was assigned to the low level security Prison Camp in Duluth, Minnesota. Morrison contends he was reassigned to replace a white male at the Duluth

prison, who had less experience and was less qualified than Morrison. (*Id.*, ¶¶ 18-19.) Morrison alleges this demotion was retaliatory. (*Id.*, ¶ 19.) Upon learning of this transfer, Morrison consulted an EEO counselor in August 2004. (*Id.*, ¶ 20.) Morrison contends that after lodging his complaint, he was subject to further reprisals. (*Id.*)

Morrison also contends that he and "other African American employees at the Western Regional Office ("WRO") were forced to endure an environment permeated by behavior which was both objectively and subjectively offensive. This offensive behavior affected the terms and conditions of [Morrison's] employment, including freedom from not only a racially discriminatory hostile work environment, but also disparate treatment and retaliation for complaining about unlawful discrimination as well as promotional opportunities and favorable transfers." (*Id.*, ¶ 9.) Morrison contends that the "conduct which constitutes [his] racially hostile work environment claim began in the Spring of 2004," but in August 2004, "the environment had become sufficiently severe and pervasive enough to require [him] to make an EEO complaint and to subsequently seek medical assistance." (*Id.*, ¶ 22.)

## ANALYSIS

Defendants move to dismiss Morrison's FAC, in its entirety, and assert that: (1) Morrison fails to allege sufficient facts to establish a hostile work environment claim; (2) he cannot recover for discrete actions occurring prior to July 9, 2004; and (3) he again names improper defendants.[1] In the alternative, Defendants move for a more definite statement.

**A.   Legal Standards.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). Federal Rule of Civil Procedure 8(a) requires a

---

[1] Plaintiff does include the Federal Bureau of Prisons as a Defendant in the caption but concedes he did so in error and agrees that Attorney General Gonzales is the only proper defendant in this action. (Opp. at 18:8-13.) Accordingly, to the extent it has been named in the FAC, Defendant Federal Bureau of Prisons is dismissed from this action.

2

plaintiff to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). Thus, a plaintiff need not "set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Conley*, 355 U.S. at 47.

In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Unlike a Rule 12(b)(6) motion, in moving to dismiss under Rule 12(b)(1) a party can "attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**B.  Morrison Has Not Exhausted Retaliation or Discrimination Claims Based on Discrete Adverse Actions that Occurred Prior to July 9, 2004.**

Defendants move to dismiss the FAC in its entirety on the ground that Morrison has not exhausted administrative remedies for any allegedly discrete discriminatory conduct that occurred prior to July 9, 2004, a matter the Court addressed in its January 30, 2006 Order dismissing the initial complaint with leave to amend.[2] "To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England,* 307 F.3d 1092, 1103 (9th Cir. 2002)

---

[2] Morrison again argues that Defendant ignores other deadlines controlling the administrative process, citing to 42 U.S.C. 2000e-5(e)(1). (Opp. at 16.) Notwithstanding the fact that section 2005e-16 is the applicable statutory provision, Morrison's argument confuses the issue of an appropriate limitations period for bringing a claim in the District Court with the separate and distinct issue of whether he has exhausted his administrative remedies.

3

(citing *B.K.B. v. Maui Police Dep't.*, 267 F.3d 1091, 1099 (9th Cir. 2002) and *EEOC v. Farmer Bros.*, 31 F.3d 891, 899 (9th Cir. 1994)).

Under regulations applicable to federal employees, "[a]ggrieved persons who believe they have been discriminated against on the basis of race ... must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). This contact must occur "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.*, § 1614.105(a)(1). *See also Lyons*, 307 F.3d at 1104 n.4, 1105; *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644-46 (9th Cir. 2004) (discussing exhaustion requirement in context of retaliation claim).

It is undisputed that Morrison did not contact an EEOC counselor until August 23, 2004, and Morrison does not contend there are grounds to toll that time period. In *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), the Supreme Court held that discrete acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. *Morgan*, 536 U.S. at 113 (2002). Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice. *Id*. at 114. Applying the holdings of *Morgan, Lyons* and *Vasquez* to the facts of this case, because of his failure to exhaust administrative remedies, Morrison is barred from pursuing discrimination or retaliation claims based upon on discrete actions occurring prior to July 9, 2004.[3] To the extent Plaintiff bases his retaliation or discrimination claims on conduct occurring prior to that date, as set forth in Counts I and II, of the First Amended Complaint, Defendant's motion to dismiss is GRANTED, but to the extent these claims are based on conduct occurring on or after July 9, 2004, Defendants' motion is DENIED.

---

[3] This finding would not necessarily preclude Morrison from offering evidence of this conduct as background evidence. *See, e.g., Lyons*, 307 F.3d at 1108-1112 (discussing plaintiffs' ability to offer evidence of time barred conduct to support claims that were not time barred).

4

**C.      Morrison's Hostile Work Environment Claim Shall Be Dismissed Without Leave to Amend.**

With respect to employees of the Federal Government, Title VII provides that "[a]ll personnel actions affecting [federal employees] ... shall be made free from any discrimination based on race ... ." 42 U.S.C. § 2000e-16(a).  A defendant may violate Title VII when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *Vasquez*, 349 F.3d at 642.[4]  A hostile work environment is comprised of a series of acts that collectively constitute one "unlawful employment practice." *Morgan*, 536 U.S. at 117.  Defendants assert, in part, that the hostile work environment claim should be dismissed because Morrison's claims are not based on non-discrete acts occurring on or after July 9, 2004.

In *Morgan*, the Supreme Court explained that a hostile work environment claim could include actions outside the limitations period set forth in 42 U.S.C. § 2000e-5(e), which requires a plaintiff to file a charge with the EEOC within 180 days of the alleged unlawful employment practice to preserve a civil action, as long as one act supporting the claim fell within the appropriate limitations period. *Morgan*, 536 U.S. at 117-19.  The Ninth Circuit has construed the holding in *Morgan* to require that the timely act supporting a hostile work environment be a "non-discrete" act rather than a "discrete" act. *Porter v. California Dept. of Corrections*, 419 F.3d 885, 893 (9th Cir. 2005) ("If the flames of an allegedly hostile work environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts.").

In this case, it is undisputed that Morrison was required to exhaust administrative remedies by consulting with an EEOC counselor within 45 days of the matter alleged to be discriminatory.  Morrison did not consult with a counselor until August 23, 2004, therefore to have preserved a hostile work environment claim, Morrison must rely on non-discrete acts

---

[4]      This allegation was apparently included as a response to the Court's statement that he could not proceed based on actions occurring prior to July 9, 2004 barring tolling or a claim for a hostile work environment. (Jan 30, 2006 Order at 7:20-27.)

5

occurring on after July 9, 2004. However, to the extent Morgan alleges non-discrete acts in his FAC, none of those acts occurred between July 9, 2004 and August 23, 2004. At the hearing on this motion, Plaintiff conceded there were no additional facts on which he was basing his hostile work environment claim. Accordingly, the hostile work environment claim is DISMISSED WITH PREJUDICE.

**D.     Defendant's Motion to Strike.**

Defendants also move to strike the following sections of the FAC, which relate to Morrison's supervisor Joe Gunja: (1) a reference to "ethnic cleansing" on page 4 line 5; and allegations regarding Mr. Gunja at page 8 lines 14-17.

Federal Rule of Civil Procedure 12(f) permits a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.* Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id.*

In its January 30, 2006 Order, the Court ordered that the allegations relating to Mr. Gunja's behavior be excluded unless Morrison could clearly link these allegations to his employment discrimination and retaliation claims. Morrison contends that Mr. Gunja engaged in certain improper activities and retaliated against Morrison when he (Morrison) reported this behavior. Neither the initial complaint nor the FAC make clear when Morrison reported this behavior to authorities, and the Court finds that Morrison has not established that these are allegations are clearly linked to his retaliation and discrimination claims. Accordingly, unless Morrison reported this behavior to authorities on or after July 9, 2004, they should not be

6

referenced in the amended complaint contemplated by this Order.[5]  If Morrison can show that these events occurred on or after July 9, 2004, the Court strongly urges Morrison to set forth those allegations in a more general fashion, *i.e.* as the Court has done in this Order.

The Court shall exercise its discretion and strike the reference to ethnic cleansing.

## CONCLUSION

For the reasons set forth in this Order, Defendants' motion to dismiss is GRANTED IN PART.  Morrison shall file a second amended complaint by no later than June 2, 2006, that: (a) omits any reference to the hostile work environment claim from Count I, and that Count should be limited to his claims for racial discrimination based on conduct occurring on or after July 9, 2004; and (b) omit any reference to ethnic cleansing; and (c) omit any reference to the allegations regarding Mr. Gunja's alleged improper activities unless Morrison can, in good faith, represent he reported those activities on or after July 9, 2004.

**IT IS SO ORDERED.**

Dated: May 23, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[5]  This finding would not necessarily preclude Morrison from offering evidence of this conduct as background evidence.  *See, e.g., Lyons*, 307 F.3d at 1108-1112 (discussing plaintiffs' ability to offer evidence of time barred conduct to support claims that were not time barred).