10. Is there any reason for the Court to apply the "same actor" inference in this case? *See Coghlan*, 413 F.3d at 1096-98.

11. Defendant stated in his reply that he moved to strike the May 4 letter to Joe Gunja from Plaintiff. However, Defendant's ex parte motion in limine was not filed until April 12, 2007.

   a. Given the substance of the issues raised in that motion, why was it not filed sooner? Why did Defendant not file a motion regarding this document immediately after Mr. Gunja's deposition in February?

   b. Given Defendant's belated filing, and the need to give Plaintiff an opportunity to respond to the substance of the motion, what is Defendant's best argument that the Court should not rule on the motion for summary judgment before addressing the issues in the motion in limine?

   c. If the Court were to not consider the letter in connection with the motion for summary judgment, does Plaintiff contend his verbal complaints to Gunja would be sufficient to establish a prima facie case of retaliation? On what basis does Plaintiff contend the requisite causal connection between these verbal complaints and the alleged adverse employment action exists? Does Plaintiff have any legal authority in support of his position?

   d. If the Court determined that the May 4 letter might be material to the outcome of the motion for summary judgment, would the parties object to the Court reserving issuing a ruling until Defendant has had the opportunity to depose Plaintiff on the basis of the late production of this document?

12. Do the parties have anything further they wish to address?

Dated: April 12, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4