IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROY L. MORRISON,

    Plaintiff,

  v.

ALBERTO GONZALES, et al.,

    Defendants.
_____/

No. C 05-04351 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 13, 2007, AT 9:00 A.M.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The parties each shall have twenty (20) minutes to address the following questions:

1. What is Plaintiff's response to Defendant's argument that he cannot pursue claims based on the BOP's recently stated intention to demote him, because those claims have not been exhausted administratively?

    a. Does Plaintiff have any authority that would suggest this action is not a discrete employment action requiring exhaustion?

2.  a. What are the "adverse employment actions" on which Plaintiff bases his discrimination claim?

    b. Are those the same "adverse employment actions" on which he bases his retaliation claim? If not, what are the adverse employment actions that support this claim?

    c. Is Plaintiff abandoning his assertion that the following allegations constitute adverse employment actions: his office was ransacked; he received an improper performance evaluation; and his locality pay was improperly calculated? *See* Reply Br. at 3-4.

3. Defendant argues that Plaintiff cannot establish he was qualified for the position at USP McCreary because he "would need the endorsement of the Regional Director in charge of the prison and the Director of the BOP," and that he did not have their support. However, Defendant submits evidence that Plaintiff previously served as a Warden and received an overall "Exceeds" rating while in that position. Why is this evidence not sufficient to establish the second prong of Plaintiff's prima facie case, namely that he was qualified for the position at USP McCreary? *See Coghlan v. American Seafoods Co.*, 413 F.3d 1090, 1094 (9th Cir. 2005) (noting that Ninth Circuit has "emphasized that '[t]he requisite degree of proof necessary to establish a *prima facie* case for Title VII ... claims on summary judgment is minimal'").

    a. If the Court concludes that there is sufficient evidence to find that Plaintiff was qualified for the position at USP McCreary, for purposes of Plaintiff's prima facie case, would Defendant agree that denying him that position qualifies as an

|   |   |   |
|---|---|---|
| 1 |   | adverse employment action?  If not, on what authority does Defendant base its position? |
| 2 | b. | Are Defendant's arguments regarding the support of the Regional Director and |
| 3 |   | the BOP better considered as a legitimate non-discriminatory reason for denying |
| 4 |   | Plaintiff the position? |
| 5 | c. | Is Defendant relying solely on the subjective criteria outlined in Ms. White's |
| 6 |   | declaration to assert that Plaintiff was not qualified for the position at USP |
| 7 |   | McCleary?  If not, on what other criteria do they rely and where in the record |
| 8 |   | can the Court find evidence that Plaintiff did not meet these criteria such that he |
| 9 |   | was not qualified for the position? |

4. The Court recognizes that Plaintiff argues Defendant's reasons for denying him the position at USP McCreary and sending him to FPC Duluth are pretextual.  Setting aside whether the reasons were pretextual in this case, would Plaintiff concede *in general* that concluding another person was more qualified for a position or that an employee did not have the decision maker's support are legitimate non-discriminatory reasons for not hiring or not promoting an employee?

5. What facts in the record could make it a "reasonable inference" to conclude that Gunja made negative comments to Ms. White about Plaintiff and sought her support to deny Plaintiff the position at USP McCreary?  Why would it not be pure speculation on the Court's part to make that inference?

6. Does Plaintiff concede that when he was selected to be the Warden for FPC Duluth, his GS-15 status did not change?  What evidence supports a conclusion that FPC Duluth was a "demotion?"

7. Who authored the document identified by Bates numbers USA00671-73?

8. What is Defendant's response to Plaintiff's assertion that it is not standard practice to adjust locality rates until a person reports for duty.  (*See* Morrison Decl. at ¶¶ 13-14, 17.)

9. Does Morrison concede there is no "direct" evidence of racial discrimination in the record?

3

10. Is there any reason for the Court to apply the "same actor" inference in this case? *See Coghlan*, 413 F.3d at 1096-98.

11. Defendant stated in his reply that he moved to strike the May 4 letter to Joe Gunja from Plaintiff. However, Defendant's ex parte motion in limine was not filed until April 12, 2007.

   a. Given the substance of the issues raised in that motion, why was it not filed sooner? Why did Defendant not file a motion regarding this document immediately after Mr. Gunja's deposition in February?

   b. Given Defendant's belated filing, and the need to give Plaintiff an opportunity to respond to the substance of the motion, what is Defendant's best argument that the Court should not rule on the motion for summary judgment before addressing the issues in the motion in limine?

   c. If the Court were to not consider the letter in connection with the motion for summary judgment, does Plaintiff contend his verbal complaints to Gunja would be sufficient to establish a prima facie case of retaliation? On what basis does Plaintiff contend the requisite causal connection between these verbal complaints and the alleged adverse employment action exists? Does Plaintiff have any legal authority in support of his position?

   d. If the Court determined that the May 4 letter might be material to the outcome of the motion for summary judgment, would the parties object to the Court reserving issuing a ruling until Defendant has had the opportunity to depose Plaintiff on the basis of the late production of this document?

12. Do the parties have anything further they wish to address?

Dated: April 12, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4