IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. MORRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES DEPARTMENT OF JUSTICE ALBERTO GONZALES and THE FEDERAL BUREAU OF PRISONS and DOES 1-10, inclusive,<br><br>    Defendants. | No. C 05-04351 JSW<br><br>**ORDER TO SHOW CAUSE** |

On July 11, 2005, Plaintiff filed the complaint in this action in the United States District Court for the Central District of California. On October 25, 2005, this Court received the case pursuant to a stipulation to transfer the matter to this district. On December 23, 2005, Defendants filed a motion to dismiss and noticed that motion for a hearing on January 27, 2006. Pursuant to Northern District Civil Local Rule 7-3(a), Plaintiff's opposing brief would have been due on January 6, 2006. No such brief was filed. On January 13, 2006, Defendants filed their reply brief noting the lack of opposition to the motion. In addition to reiterating arguments raised in their motion, Defendants also set forth facts which suggested that Plaintiff had not been diligent in prosecuting this case.

Thus, on January 13, 2006, the Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. Plaintiff responded on January 18, 2006, and stated that the failure to file an opposition was due to computer failure and a failure to calendar the correct filing deadline. (*See* Docket No. 11.) After considering this response and after

1  hearing from Plaintiff further at a hearing on the motion to dismiss, the Court imposed monetary
2  sanctions on Plaintiff's counsel.  (Docket Nos. 17, 26.)

3        Unfortunately, the Court's actions did not result in the case progressing without further
4  incident and in November 2006, Defendant sought relief from the Court and asserted that
5  Plaintiff had failed to produce documents and respond to interrogatories in a timely fashion.[1]
6  (Docket No. 48.)  Plaintiff also filed his opposition to Defendant's motion for summary
7  judgment one day late due to unfamiliarity and problems with the Court's e-filing system.  (*See*
8  Docket No. 67, part 17.)  In addition, Defendant filed a motion in limine with regard to
9  evidence submitted by Plaintiff in opposition to Defendant's motion for summary judgment,
10 and argued that the Court should not consider it because it had not been produced.  The Court is
11 awaiting Plaintiff's response to that motion.  (*See* Docket 81.)

12       This matter is now set for a pretrial conference on June 4, 2007.  The parties joint
13 pretrial filings were due on May 21, 2007.  However, the Court has not received any filings
14 from Plaintiff.  Rather, it received Defendant's separately submitted proposed pretrial order,
15 motions in limine, proposed voir dire, and proposed jury instructions.  In his pretrial Order,
16 Defendant states that the parties last spoke on May 14, 2007, and there has been no further word
17 from Plaintiff regarding the preparation of pretrial materials.  (*See* Defendant's Proposed
18 Pretrial Order at 2 n.1.)  As set forth above, this is not the first instance in which Plaintiff has
19 failed to comply with a filing deadline.

20       Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE why he should not
21 be sanctioned for failure to comply with the Court's pretrial filing deadlines and procedures.  In
22 light of the history of this case, Plaintiff is HEREBY PUT ON NOTICE that the Court is
23 considering all possible sanctions, including monetary sanctions, deeming Defendant's motions

---

[1] The Court notes that Defendant has not been entirely blameless, and indeed, he waited until very near the close of discovery before bringing these disputes to the Court's attention.

2

1  in limine unopposed, and possible dismissal of this action.

2  **IT IS SO ORDERED.**

3  Dated: May 22, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE