IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>GONZALES ET AL,<br><br>    Defendant.<br>_____/ | No. C 05-04351 JSW<br><br>**ORDER GRANTING IN PART MAY 22, 2007 LETTER BRIEF RE DISCOVERY AND ORDERING PLAINTIFF TO SHOW CAUSE WHY REQUEST SHOULD NOT BE GRANTED IN ITS ENTIRETY** |

  This matter comes before the Court upon consideration of a Letter Brief dated May 22, 2007, submitted by Defendant. In his letter, Defendant requests access to any Bureau of Prisons' computer Plaintiff may have used to draft a letter dated May 7, 2004, that is the subject of a pending motion in limine. Defendant also requests access to any other computer Plaintiff may have used to create the letter.

  Although counsel for Defendant represents that he attempted to obtain Plaintiff's position on this issue, he did so by sending a copy of the letter to Plaintiff's counsel and requesting his input. (Letter Brief at 2.) This Court's Standing Order 7 requires that the parties "must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues that counsel were unable to resolve." Based on the statements in the letter brief, it is not clear to the Court that counsel for Defendant fully complied with this Court's meet and confer obligations.

  However, because of the impending trial date, and because the Bureau of Prisons' policies submitted by Defendant make clear that there is no expectation of privacy in the use of

government computers or systems, at this time the Court finds good cause to grant the request in part. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall make available to counsel for Defendant, or to a designated agent or contractor of counsel for Defendant, any Bureau of Prisons laptop or computer in his possession or control on which he may have written the May 7, 2004 letter to Joseph Gunja that is the subject of Defendant's *ex parte* motion in limine (Docket No. 70), and any storage media on which that memorandum may have been stored.

2. Defendant shall be permitted to perform a forensic analysis of any Bureau of Prisons computer or storage media produced pursuant to paragraph 1 of this Order.

3. Defendant shall make a mirror image of any Bureau of Prisons computer hard drive or storage unit produced by Plaintiff and shall use their best efforts to return such Bureau of Prisons computer hard drive or storage unit to Plaintiff as expeditiously as possible and in the same form as it was received from Plaintiff.

4. Defendant's forensic analysis and search of any Bureau of Prisons computer or storage media produced by Plaintiff shall be limited to a search for the May 7, 2004 letter.

Because the Court does not have Plaintiff's position on whether a search of any personal computer he may have used to create the letter, it is FURTHER ORDERED that Plaintiff is Ordered to Show Cause in writing as to why the remainder of Defendant's letter brief, referring to any other computer that may have been used to create the May 7, 2004 letter, should not be granted. Plaintiff's response shall be due by no later than 1:00 p.m. on May 25, 2007.

**IT IS SO ORDERED.**

Dated: May 23, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2