1   SCOTT N. SCHOOLS (SC SBN 9990)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   SARA WINSLOW (DC Bar No. 457643)
    OWEN MARTIKAN (SBN 177104)
4   Assistant United States Attorneys

5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102
6       Telephone:    (415) 436-6925 (Winslow)
                      (415) 436-7241 (Martikan)
7       Facsimile:    (415) 436-6748
        e-mail: sara.winslow@usdoj.gov
8
    Attorneys for Federal Defendant
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12               **SAN FRANCISCO DIVISION**

13   ROY L. MORRISON,                    )   No. C 05-04351 JSW (EDL)
                                         )
14                     Plaintiff,        )
                                         )
15            v.                         )   **STIPULATION AND AGREEMENT OF**
                                         )   **COMPROMISE AND  SETTLEMENT;**
16   ALBERTO GONZALES, Attorney General  )   ~~[PROPOSED]~~ **ORDER**
     of the United States Department of Justice, )
17                                       )
                       Defendant.        )
18   _____)

19          IT IS HEREBY STIPULATED by and between Plaintiff, Roy L. Morrison, and

20   Defendant, Alberto Gonzales, after full and open discussion, that the above-captioned action be

21   settled and compromised on the following terms:

22          1.    In full and final settlement of all claims in connection with the above-captioned

23   action, Defendant will (a) rescind the June 8, 2007 decision letter imposing a twenty-one (21)

24   day suspension on Plaintiff; (b) remove from Plaintiff's Official Personnel File any documents

25   associated with the June 8, 2007 decision letter; (c) restore sufficient sick leave (not to exceed a

26   total of 164 hours) to Plaintiff to prevent him from having a negative sick leave balance upon

27   retirement; and (d) pay Plaintiff a lump sum of one hundred thousand dollars ($100,000) in

28   damages, attorneys fees and costs. There shall be no withholding from this amount. The check

1  will be made payable to Roy Morrison and Robert M. Ball, attorney at law, and will be mailed to

2  Plaintiff in care of his counsel.

3      2.    The parties agree that the consideration described in Paragraph 1 above is in

4  exchange for the following consideration:  Plaintiff will (a) dismiss the above-captioned civil

5  action with prejudice; (b) release and dismiss all claims for compensatory and special damages,

6  back pay, front pay, interest, attorneys' fees, costs, restitution, reinstatement and any other form

7  of legal or equitable recovery relating to his employment with the United States Bureau of

8  Prisons (BOP); (c) permanently retire from his employment with the BOP no later than

9  September 3, 2007, and will submit the application for voluntary retirement at least thirty (30)

10  days prior to the effective date of the retirement; (d) withdraw all claims against the Attorney

11  General or the BOP related to his employment that are pending in any judicial or administrative

12  forum (including claims filed with the BOP's Equal Opportunity Employment Office), as well as

13  any complaints filed with the Office of Special Counsel; and (e) agree not to bring any

14  administrative or judicial complaints on any claim which may have arisen in the 45 days

15  preceding the date of the signatures on this Stipulation and Agreement, including any claim

16  related to the facts or circumstances of the June 8, 2007 decision letter imposing a twenty-one

17  (21) day suspension on Plaintiff.

18      3.    The parties understand that the cash amount described in Paragraph 1 above includes

19  full satisfaction of all claims for attorneys' fees and costs arising from work performed by

20  plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of

21  Plaintiff's administrative and district court complaints in connection with the above-captioned

22  action, and any other administrative and district court complaints which are currently pending.

23      4.    Plaintiff accepts the terms described in Paragraphs 1 and 2 in full settlement and

24  satisfaction of any and all claims and demands which he, his successors or assignees may now

25  have or hereafter acquire against Defendant, the Attorney General, or the BOP, or any of their

26  past and present officials, agents, employees, attorneys, or insurers, on account of the events

27  described in Plaintiff's pleadings in this action, or as a result of any other action or conduct by the

28  Attorney General or the BOP, or their past and present officials, agents, employees, attorneys, or

insurers that occurred prior to the execution of this Stipulation and Agreement.

5.   In consideration of this Stipulation and Agreement and the payment of the foregoing amounts thereunder, Plaintiff agrees that upon receipt of the cash payment described in Paragraph 1 above, Plaintiff will deliver to Defendant's counsel a fully executed Stipulation for Dismissal with prejudice of the above-captioned action, pursuant to Fed. R. Civ. P. 41(a)(1).

6.   Plaintiff hereby releases and forever discharges Defendant, the Attorney General, and the BOP, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Stipulation and Agreement, which arise from or relate to his employment with the BOP.

7.   The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff has been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

8.   This Stipulation and Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Stipulation and Agreement.

9.   This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the Attorney General, the BOP, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaint in this action.

SETTLEMENT STIP; [PROPOSED] ORDER
C 05-4351 JSW                                3

10.     Plaintiff understands that the cash payment described in Paragraph 1 above will be reported to the Internal Revenue Service (IRS), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS.  If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof.  Plaintiff will indemnify and hold harmless the Attorney General and the BOP from any liability incurred from any government agency arising out of any failure by Plaintiff to pay for any liability he might incur from any government agency.

11.     The parties agree that should any dispute arise with respect to the implementation of the terms of this Stipulation and Agreement, Plaintiff shall not seek to rescind the Stipulation and Agreement and pursue his original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Stipulation and Agreement in district court.  The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

12.     Each party hereby stipulates that it is fully aware of and understands all of the terms of this Stipulation and Agreement and the legal consequences thereof.  It is acknowledged that the parties hereto have  mutually participated in the preparation of this Stipulation and Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party.  The parties further agree that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation and Agreement.

13.     If any provision of this Stipulation and Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

14.     This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the Stipulation and Agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and

SETTLEMENT STIP; [PROPOSED] ORDER
C 05-4351 JSW                                        4

1  Agreement. This Stipulation and Agreement may not be altered, modified or otherwise changed

2  in any respect except by writing, duly executed by all of the parties or their authorized

3  representatives.

4

   Dated: June ___, 2007                              *See attached*
5                                                      ROY L. MORRISON
6                                                      Plaintiff

7                                                      LAW OFFICES OF ROBERT M. BALL

8
   Dated: June ___, 2007                              *See attached*
9                                                      ROBERT M. BALL
                                                       Attorney for Plaintiff
10

11                                                     SCOTT N. SCHOOLS
                                                       United States Attorney
12

13 Dated: June 19, 2007                               *Sara Wul*
                                                       SARA WINSLOW
14                                                     OWEN MARTIKAN
                                                       Assistant United States Attorney
15                                                     Attorneys for Defendant

16

17 Dated: June 19, 2007                               *W. Blanc*
                                                       W. I. LEBLANC, JR.
18                                                     Assistant Director
                                                       Human Resource Management Division
19                                                     Federal Bureau of Prisons

20

21                              **[PROPOSED] ORDER**

22
   Pursuant to stipulation, it is so ORDERED.
23

24
   Dated: _____
25                                                     HON. JEFFREY S. WHITE
                                                       United States District Judge .
26

27

28

   SETTLEMENT STIP; [PROPOSED] ORDER
   C 05-4351 JSW                              5

1   Agreement. This Stipulation and Agreement may not be altered, modified or otherwise changed

2   in any respect except by writing, duly executed by all of the parties or their authorized

3   representatives.

4   Dated: June __, 2007

5                                               ROY L. MORRISON
                                                Plaintiff
6

7                                               LAW OFFICES OF ROBERT M. BALL

8   Dated: June __, 2007

9                                               ROBERT M. BALL
                                                Attorney for Plaintiff
10

11                                              SCOTT N. SCHOOLS
                                                United States Attorney
12

13  Dated: June __, 2007

14                                              SARA WINSLOW
                                                OWEN MARTIKAN
                                                Assistant United States Attorney
15                                              Attorneys for Defendant

16

17  Dated: June __, 2007

18                                              W. I. LEBLANC, JR.
                                                Assistant Director
                                                Human Resource Management Division
19                                              Federal Bureau of Prisons

20

21                          [PROPOSED] ORDER

22

23      Pursuant to stipulation, it is so ORDERED.

24  Dated: June 19, 2007

25                                              HON. JEFFREY S. WHITE
                                                United States District Judge
26

27

28

    SETTLEMENT STIP; [PROPOSED] ORDER
    C 05-4351 JSW                          5